# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Adam M. Park and Tracy Park, | Civil Action No. 2:17-cv-657-RMG |
| Plaintiff, | |
| v. | **ORDER AND OPINION** |
| McCabe Trotter & Beverly, P.C., | |
| Defendant. | |

This matter is before the Court on Crowfield Plantation Community Services Association, Inc.'s ("Crowfield") motion to intervene. (Dkt. No. 47.) For the reasons set forth below, the Court grants the motion.

**I. Background**

Plaintiffs Adam and Tracy Park own a home in the Crowfield Development in Goose Creek, South Carolina. Their property is subject to recorded declarations of covenants, conditions, and restrictions that require her to pay annual assessments to Crowfield and to pay assessed fines for violations of use restrictions. Crowfield retained Defendant McCabe Trotter & Beverly, P.C. ("MTB") to collect past due assessments. MTB filed a foreclosure complaint against Plaintiffs in the Berkley County Court of Common Pleas on January 8, 2016, alleging Plaintiffs owed assessments, fines, and other charges under the covenants and Crowfield governing documents. (Dkt. No. 44-3.)

Plaintiffs filed the present action on January 24, 2017 in the Berkley County Court of Common Pleas, asserting MTB's debt collection efforts violated the federal Fair Debt Collections Act ("FDCPA"), 15 U.S.C. 1692. (Dkt. No. 1-1.) Plaintiffs filed for partial summary judgment on June 26, 2018, and Defendant filed their own motion for summary judgement on June 29, 2018.

(Dkt. No. 44; Dkt. No. 45.) In their motion for partial summary judgment, Plaintiffs assert the debt collection efforts were illegal for several reasons, including, *inter alia*, (1) the relevant documents do not authorize attorney's fees prior to a judgment, (2) the relevant documents do not authorize a lien for fines, and (3) the Crowfield board failed to follow required procedure when they imposed fines. (Dkt. No. 44 at 13, 17–18.) In response to these filings, non-party Crowfield filed a motion to intervene on July 3, 2018. (Dkt. No. 47.)

## II. Legal Standard

Rule 24 of the Federal Rules of Civil Procedure provides for two types of intervention. "Intervention of Right" requires the court to permit anyone to intervene upon timely motion who "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). "Permissive Intervention," on the other hand, allows the court, in its discretion, to permit anyone to intervene upon timely motion who "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). In exercising discretion under Rule 24(b), "the court shall consider whether the intervention will unduly delay or prejudice the application of the rights of the original parties." Fed. R. Civ. P. 24(b)(3).

Intervention may be limited to certain purposes. *See Newport News Shipbuilding & Drydock Co. v. Peninsula Shipbuilders' Ass'n*, 646 F.2d 117, 122 (4th Cir. 1981) ("Even intervention of right may properly be made conditional by the exigencies of the particular case."); *see also, e.g., Stone v. Univ. of Md.*, 855 F.2d 178, 180 (4th Cir. 1988) (permitting intervention for the limited purpose of challenging a sealing order); *Diagnostic Devices, Inc. v. Taidoc Tech. Corp.*, 257 F.R.D. 96, 98 (W.D.N.C. 2009) (permitting intervention for the limited purpose of opposing a motion for temporary restraining order).

A motion to intervene must be accompanied by a proposed pleading that sets out the claim or defense for which intervention is sought. Fed. R. Civ. P. 24(c). Courts however may decline to require strict compliance with Rule 24(c) where the intervention is for a limited purpose fully set forth in motion memoranda. *See Sch. Bd. of City of Newport News v. T.R. Driscoll, Inc.*, No. 4:11CV79, 2011 WL 3809216, at *3 n.2 (E.D. Va. July 29, 2011), *report and recommendation adopted*, No. 4:11CV79, 2011 WL 3702421 (E.D. Va. Aug. 22, 2011); *Diagnostic Devices*, 257 F.R.D. at 101.

### III. Discussion

The Court notes that this motion is substantially similar to Crowfield's motion to intervene in the partially consolidated case Aubrey v. McCabe, Trotter & Beverly, P.C., Case No. 2:17-656, in which the Court granted Crowfield's motion to intervene for the limited purpose of briefing motions for summary judgment. The reasoning in Aubrey v. McCabe, Trotter & Beverly, P.C., substantially applies here as well, though the Court issues this Order and Opinion for the sake of clarity.

To intervene as of right, a movant must show: (1) timely application; (2) an interest in the subject matter of the underlying action; (3) that a denial of the motion for leave to intervene would impair or impede the movant's ability to protect its interest; and (4) that the movant's interest is not adequately represented by the existing parties to the litigation. *Houston Gen. Ins. Co. v. Moore*, 193 F.3d 838, 839 (4th Cir. 1999). "A party moving for intervention under 24(a) bears the burden of establishing a right to intervene, and must do so by satisfying all four requirements." *U.S. ex rel. MPA Constr., Inc. v. XL Specialty Ins. Co.*, 349 F. Supp. 2d 934, 937 (D. Md. 2004). Failure to satisfy even one of these requirements is sufficient to warrant denial of a motion for leave to intervene as a matter of right. *See NAACP v. New York*, 413 U.S. 345, 369 (1973). Crowfield argues it satisfies these four requirements. The Court agrees.

Plaintiffs seek, among other things, a judicial determination of Crowfield's rights under its governing documents and community property covenants. Crowfield's interest in that subject is obvious. Crowfield's ability to protect its interest plainly would be impaired if the Court denied Crowfield an opportunity to respond to Plaintiff's assertions. Crowfield's interest is not adequately represented by a law firm defendant hired merely as its debt collector. "A presumption of adequacy arises when the applicant and an existing party have the same interest or ultimate objectives in the litigation." *Nish & Goodwill Servs., Inc. v. Cohen*, 191 F.R.D. 94, 97 (E.D. Va. 2000). Crowfield's interest in the rights and duties created under its own governing documents is not identical with MTB's interest in defending itself from an FDCPA claim.

Plaintiffs do not argue against the above. Plaintiffs instead argue the intervention is untimely and will cause delay prejudicial to Plaintiff. (Dkt. No. 51 at 2.) The sole issue then is whether the motion to intervene is timely. "Rule 24 is silent as to what constitutes a timely application and the question must therefore be answered in each case by the exercise of the sound discretion of the court." *Black v. Cent. Motor Lines, Inc.*, 500 F.2d 407, 408 (4th Cir. 1974). The court should therefore assess, "first, how far the underlying suit has progressed; second, the prejudice any resulting delay might cause the other parties; and third, why the movant was tardy in filing its motion." *Alt v. U.S. E.P.A.*, 758 F.3d 588, 591 (4th Cir. 2014).

First, in assessing how far the case has progressed, Crowfield argues its motion to intervene is timely because it was filed on July 3, 2018, shortly after Plaintiffs filed their partial motion for summary judgment on June 26, 2018. (Dkt. No. 47 at 7.) Plaintiffs argue the motion to intervene is not timely because it was filed after the close of discovery and after the filing of dispositive motions, even though Crowfield had been receiving ECF notifications since October 2017. (Dkt. No. 51 at 4.). Certainly, it might be problematic if Crowfield now were to move to reopen

discovery or to file new pleadings. "Generally speaking, an intervenor is held to take the case as he finds it. . . ." *Newport News Shipbuilding & Drydock*, 646 F.2d at 122. But Crowfield moves to intervene only for the limited purpose of supporting MTB's motion for summary judgment and opposing Plaintiff's motion for summary judgment. (*See* Dkt. No. 47 at 10.) Therefore, this weighs in favor of the motion being timely.

Second, Plaintiffs argue that they have suffered prejudice since their "counsel has had to spend time and effort responding[…] to Crowfield's motion. (Dkt. No. 51 at 3.) Plaintiffs further argue they would be prejudiced by any delay from this intervention. (*Id.*) However, this argument ignores the prejudice to Crowfield if the Court rules on the rights Crowfield has under its governing documents without their ability to be heard on the matter. Therefore, this weighs in favor of the motion being timely.

Finally, Plaintiffs argue that Crowfield was tardy in moving to intervene since they knew of the case since at least October 2017 and the motion was filed after dispositive motions had already been filed. (Dkt. No. 51 at 4.) However, Crowfield motioned to intervene one week after Plaintiffs filed for partial summary judgment while briefing on the topic was still ongoing, and moved to intervene for the limited purpose of responding to Plaintiffs' motion for partial summary judgment. (*See* Dkt. No. 47 at 10.) Therefore, this weighs in favor of the motion being timely.

Having considered the three factors, the Court finds this motion for intervention for a limited purpose was timely when filed within the deadlines for briefing those summary judgment motions.

Plaintiffs argue that if intervention is granted, "discovery would need to reopen and Crowfield would need to provide answers to discovery, identify witnesses and allow depositions of its witnesses, etc." (Dkt. No. 51 at 5.) That argument is without merit because Crowfield's

intervention is for the limited purpose of briefing the currently pending motions for summary judgment and the Court is confident Plaintiffs have had the benefit of full discovery of Crowfield's covenants and amendments thereto. Further, Crowfield provided responses to a subpoena and Plaintiffs deposed Crowfield's Rule 30(b)(6) representative. (Dkt. Nos. 17-2; 47 at 4–5.) The Court thus sees no reason why Plaintiffs should need further discovery to respond to Crowfield's brief.

While Crowfield's motion is timely, the Court does note that Crowfield failed to include a proposed pleading that sets out the claim or defense for which intervention is sought. Fed. R. Civ. P. 24(c). However, as noted above, courts may decline to require strict compliance with Rule 24(c) where the intervention is for a limited purpose fully set forth in motion memoranda. *See Sch. Bd. of City of Newport News v. T.R. Driscoll, Inc.*, No. 4:11CV79, 2011 WL 3809216, at *3 n.2 (E.D. Va. July 29, 2011), *report and recommendation adopted*, No. 4:11CV79, 2011 WL 3702421 (E.D. Va. Aug. 22, 2011); *Diagnostic Devices, Inc. v. Taidoc Tech. Corp.*, 257 F.R.D. 96, 10 (W.D.N.C. 2009). The Court therefore issues the briefing schedule below in order to ensure that the grant of a Crowfield's limited motion to intervene does not create undue delay.

## IV. Conclusion

For the foregoing reasons, the Court **GRANTS** Crowfield's motion to intervene (Dkt. No. 47). The Court **FURTHER ORDERS** that Crowfield's intervention is limited to briefing motions for summary judgment filed by Plaintiffs and Defendant. Crowfield must respond to Plaintiff's motion for partial summary judgment (Dkt. No. 44) by **August 2, 2018**. Any reply to Crowfield's response must be filed by **August 9, 2018**. No other briefing may be filed without leave of the Court.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

July 20, 2018
Charleston, South Carolina